RECEIVED

FEB 2 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GRACIE TAYLOR | DOCKET NO. CV05-1346 |
| VERSUS | JUDGE DRELL |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HORNSBY |

## REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT;

Defendant, WAL-MART LOUISIANA, LLC ("Wal-Mart"), filed a motion for summary judgment, contending that plaintiff is unable to satisfy her burden of proof of establishing that Wal-Mart created a dangerous condition on its premises that caused or contributed to plaintiff's fall. In her opposition, plaintiff relies almost exclusively upon the false assertion that she is unable to respond to Wal-Mart's motion for summary judgment because Wal-Mart has failed to respond to discovery. As set forth in the affidavit of defense counsel and more fully hereafter, plaintiff's assertions are simply erroneous.

Wal-Mart responded to plaintiff's discovery on December 20, 2005. Further, Wal-Mart provided to plaintiff on October 17, 2005, initial disclosures which set forth the identity of those Wal-Mart employees with knowledge of the facts and circumstances relating to this incident. Plaintiff has not made any effort to depose any of the individuals

identified by Wal-Mart, and thus, plaintiff's assertion that she is unable to respond to this motion because of the lack of information from Wal-Mart is without merit.

With respect to plaintiff's substantive assertions, plaintiff makes virtually no attempt to point out to the court how she could satisfy her burden of proof even if she had this information. Plaintiff cites only a single case in support of her position, and that case is clearly distinguishable upon its facts. Plaintiff has not been prejudiced by any action or failure to respond on the part of Wal-Mart, and Wal-Mart's motion for summary judgment should be granted.

1. **Plaintiff Has Not Been Prejudiced Because Wal-Mart Timely Responded to Discovery.**

Plaintiff initially filed her petition in the Fourth Judicial District Court for the State of Louisiana on or about November 17, 2004. Wal-Mart removed the litigation to this court on July 26, 2005. Thereafter, plaintiff propounded, for the first time in this court, her "First Set of Interrogatories and Request for Production of Documents" on November 10, 2005.[1] Affidavit of Paul M. Adkins, ¶ 6 (hereafter "Aff. ¶ __"). The interrogatories propounded by plaintiff, however, totaled 32 in number, in excess of those provided under the local rules. By correspondence dated November 18, 2005, Wal-Mart notified plaintiff of this fact, but indicated a willingness to respond to any 25 interrogatories which plaintiff designated. Aff. ¶ 7. On that same date, plaintiff

---

[1] Plaintiff did propound discovery in the state court action prior to removal to which Wal-Mart failed to respond. Plaintiff never requested or demanded any response (prior to February 10, 2006) and that discovery requested the same general information sought in plaintiff's November 10, 2005, discovery filed in this Court, to which Wal-Mart did respond.

2

requested that defendant simply answer the first 25 interrogatories. Aff. ¶ 8. Thereafter, Wal-Mart responded to plaintiff's First Set of Interrogatories and Request for Production of Documents on December 20, 2005. A copy of those discovery responses is attached to counsel's affidavit as Exhibit 4.

Plaintiff now contends that she never received that discovery response. On February 10, 2005 (ten days after Wal-Mart filed its motion for summary judgment), plaintiff's counsel notified counsel for Wal-Mart that he had not received responses to his November 10 discovery requests. By correspondence dated February 14, Wal-Mart provided plaintiff with additional copies of the responses which it had initially answered in December. Aff. ¶ 11.

Even if plaintiff's assertions that she did not timely receive responses to discovery were true, plaintiff has had the names of defendant's witnesses since October 17. On that date, Wal-Mart forwarded to plaintiff its Plan of Work, and its Initial Disclosures. Copies of those Initial Disclosures are attached to counsel's affidavit as Exhibit 1. The Initial Disclosures identified three different Wal-Mart employees who have knowledge of either the facts related to the incident, or the Wal-Mart policies and procedures relating to this claim. Plaintiff has not requested to take the depositions of any of those individuals. Aff. ¶ 15.

When the party opposing summary judgment represents to the court that it needs additional time, Rule 56(f) allows the court to order a continuance to permit affidavits to be obtained or depositions to be taken or other discovery to be had to enable the opponent to properly respond to the motion for summary judgment. That right is not, however,

3

absolute. In *Wichita Falls Office Associates v. Banc One Corp.*, 978 F. 2d 915 (5th Cir. 1992), the Fifth Circuit set forth the general requirements that a non-movant must establish to be granted a continuance of a motion for summary judgment for purposes of discovery. The court held that the requesting party must do the following:

1) Request extended discovery prior to the court's ruling on summary judgment;
2) Put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought;
3) Demonstrate to the trial court specifically how the requested discovery pertains to the pending motion; and
4) **Show that it diligently pursued relevant discovery.**

*Id.* at 919 (emphasis added).

Plaintiff complains that she has been prejudiced because she does not know the identity of the Wal-Mart employees who may have knowledge regarding this incident. That assertion, however, is simply untrue. Even if plaintiff had not received the discovery responses as she contends, the identity of the employees of Wal-Mart who have knowledge of the facts relating to this incident was set forth in Wal-Mart's October 17 Initial Disclosures. Notwithstanding plaintiff's possession of that information, plaintiff has not on a single occasion requested that these employees be made available for depositions or requested available deposition dates for the purpose of taking **any** deposition in this case.

4

In *Bishop v. Baylor University*, 252 F. 3d 434 (5th Cir. 2001),[2] the court examined the trial court's denial of plaintiff's request for additional time to conduct discovery for the purpose of obtaining evidence with which to oppose a defendant's motion for summary judgment. Treating the plaintiff's request as a motion under Rule 56(f), the court explained that to obtain a continuance in accordance with this rule, the party must explain in part, why it is currently unable to present evidence creating a genuine issue of material fact, citing *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F. 3d 927 (5th Cir. 1995). While the court expressed sympathy for the work load of plaintiff's counsel, the court noted the case had been pending for eight months prior to a joint request for an extension of the discovery deadlines, which was granted, and for four additional months before plaintiff requested the first of the extensions which were at issue on appeal. During the four month extension period, the plaintiff noticed no depositions of any witnesses whose testimony was deemed critical to the case. The court found that under those circumstances the district court did not abuse its discretion in denying any further extensions.

In the instant proceeding, this case has been pending since **November 17, 2004**. Wal-Mart provided plaintiff with its Initial Disclosures on October 17, 2005, and ten days later, noticed the deposition of the plaintiff. Plaintiff has never requested or noticed a single deposition in this case. Plaintiff cannot show that she has diligently pursued

---

[2] This case was not selected for publication in the Federal Reporter. In accordance with Fifth Circuit Rule 47.5.4, a copy of the opinion is attached.

discovery in this case and has failed to articulate any rationale for the court to extend the deadline for responding to Wal-Mart's motion for summary judgment.

2. **Plaintiff Cannot Satisfy Her Burden of Proof.**

Turning to plaintiff's substantive opposition, the only case cited by plaintiff is *Hutchinson v. Wal-Mart*, 573 So. 2d 1148 (La. App. 1st Cir. 1990). The facts in *Hutchinson*, however, are clearly distinguishable from those in the instant case. In *Hutchinson*, both the plaintiff and Wal-Mart employees testified that the section of the stackbase upon which plaintiff fell was empty, and had no merchandise whatsoever stacked on it. Wal-Mart employees acknowledged that its own internal safety procedures regarding stackbases were not followed, as the stackbase was left empty and unattended.

Unlike the plaintiff in Hutchinson, whose "interest was caught by some fishing rods located on a cross-aisle," Ms. Taylor was not distracted by merchandise or by any display. Ms. Taylor testified that she was in the store, not looking at merchandise, but searching for her daughter-in-law at the time of this incident. Moreover, unlike the empty pallet in *Hutchinson*, Ms. Taylor testified that the pallet was stacked at least as high as her waist with merchandise; thus, it should have been clearly visible had she been paying attention to where she was going. She could not recall if there was anything about the pallet that caused her to not see it and not to pay attention to it. In fact, she could not even testify as to why her foot got caught.

Under these circumstances, plaintiff cannot establish that Wal-Mart's use of a display pallet with merchandise clearly stacked at least waist-high on it, contrasted with the empty pallet in *Hutchinson*, created an unreasonable risk of harm and that the risk

6

was reasonably foreseeable. Plaintiff cannot sustain her burden of proof and summary judgment should be granted in favor of defendant, WAL-MART LOUISIANA, LLC, dismissing plaintiff's claims with prejudice.

        BLANCHARD, WALKER, O'QUIN & ROBERTS
        (A Professional Law Corporation)

By: _____
        W. Michael Adams, Bar #2338
        Paul M. Adkins, Bar #14043

1400 Bank One Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANT, WAL-MART LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Reply Brief in Support of Motion for Summary Judgment has this date been served upon the following parties by placing same in the United States Mail, postage paid.

Richard L. Fewell
Law Offices of Fewell-Kitchens
P.O. Box 1437
West Monroe, LA 71291

Shreveport, Louisiana, this 22nd day of February, 2006.

_____
OF COUNSEL

THUS SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, on this the 22ⁿᵈ day of February, 2006.

_____
NOTARY PUBLIC
ROBIN C. WALKER
Louisiana Notary Identification Number 77009
NOTARY PUBLIC
IN AND FOR CADDO PARISH
MY COMMISSION EXPIRES AT DEATH