UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| GRACIE TAYLOR | CIVIL ACTION NO. 05-1346-A |
|---|---|
| -vs- | JUDGE DRELL |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion for Summary Judgment filed by Defendant Wal-Mart Louisiana, LLC (hereinafter "Wal-Mart"). (Doc. 19). Wal-Mart moved for summary judgment on Plaintiff Gracie Taylor's (hereinafter "Taylor") claim that she is entitled to damages resulting from her December 4, 2003 fall on Wal-Mart's premises. Ms. Taylor opposes the motion. (Doc. 30). Discovery is complete in this case and the motion is ripe for adjudication. After reviewing the pleadings and the applicable law, the Motion for Summary judgment will be GRANTED.

Background

Ms. Taylor "fell over a pallet left in the middle of the floor/aisle" while she was shopping at Wal-Mart on December 4, 2003. (Doc. 1). The display pallet was in the middle of a shopping aisle and held merchandise stacked to about the level of her waist. (Docs. 19 and 30). According to Ms. Taylor's testimony, as she was

walking, her "feet got caught on something there, a pallet or something. Down I went." (Doc. 30, Exh. 1, p. 19, lines 14-16).

The parties do not seem to dispute the sequence of events that caused Ms. Taylor's accident. That is, they agree Ms. Taylor fell while shopping at Wal-Mart and that the fall involved a pallet full of merchandise. They disagree about whether Ms. Taylor's fall was a result of Wal-Mart's negligence. Ms. Taylor claims the pallet in the middle of the floor created an unreasonable risk of harm to Wal-Mart's customers and Wal-Mart failed to warn customers of the danger. (Doc. 1). Ms. Taylor maintains Wal-Mart negligently allowed a dangerous condition to exist on the property, failed to provide adequate warning of the dangerous condition, failed to inspect and maintain the floor, and failed to take preventive measures to keep the premises free of hazards. (Doc. 1). Wal-Mart claims it was not negligent, but Ms. Taylor was: she failed to see the obstruction because she was searching for a family member rather than paying attention to where she was walking. (Doc. 19).

Law and Analysis:

Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered

> on the issue of liability alone although there is a genuine issue as to the amount of damages.

A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-313, 106 S.Ct. 2548 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

La. Rev. Stat. 9:2800.6(a) imposes a duty on merchants to exercise reasonable care to keep their aisles, passageways, and floors "in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. 9:2800.6(b) provides a four part test a claimant alleging that a merchant's negligence caused him injury must satisfy. In addition to all other elements of his cause of action, La. Rev. Stat. 9:2800.6 requires a plaintiff to prove each of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable case.

Failure to prove any one of these factors is fatal to the plaintiff's case. White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So. 2d 1081.

The issue in this case is whether the pallet stacked with merchandise to about the level of Ms. Taylor's waist created an unreasonable risk of harm to Ms. Taylor. An unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Lasyone v. Kansas City Southern R.R., 00-2628 (La. 4/3/01); 786 So. 2d 682. A potentially dangerous condition that is open and should be obvious to all is not unreasonably dangerous, and the merchant has no duty to protect against it. Pitre v. Louisiana Tech Univ., 95-1466 (La. 5/10/96); 673 So. 2d 585. See also Durmon v. Billings, 38,514 (La. App. 2 Cir. 5/12/04); 873 So. 2d 872; Hayes v. Entergy Corp., 37, 190 (La. App. 2 Cir. 5/25/03); 850 So. 2d 916.

The law in Louisiana is clear: "a pallet does not inherently pose an unreasonable risk of harm." Reed v. Home Depot, Inc., 843 So. 2d 588 (La. App. 2 Cir. 4/9/03)(citing Butler v. Doug's IGA, 34,232 (La. App. 2 Cir. 12/6/00), 774 So. 2d 1067)). A pallet filled with merchandise in the center of an aisle is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care. There is no dispute in this

4

case that the pallet and the merchandise it held were plainly visible in the middle of the aisle.

Plaintiff argues slip-and-fall cases involving pallets should be considered on a comparative fault basis, citing Hutchinson v. Wal-Mart, Inc., 573 So. 2d 1148 (La. Ct. App. 1 Cir. 1990). We note, however, that Hutchinson was decided prior to the effective date of La. Rev. Stat. 9:2800.6. The enactment of La. Rev. Stat. 9:2800.6 was a legislative reaction to slip-and-fall judgments in Louisiana, and was intended to be more restrictive in considering merchant obligations and duties. Thus, Hutchinson is inapposite.

Ms. Taylor has not presented any evidence indicating the presence of a dangerous condition, such as water on the floor, which might have caused her fall. Rather, her deposition testimony indicates her fall was a result of her failure to keep a lookout while walking. Her distraction did not transform the clearly visible pallet into an unreasonably dangerous condition. Therefore, there is no genuine issue of material fact that the pallet stacked with merchandise waist high, which Ms. Taylor clearly could have seen had she been watching, did not present an unreasonable risk of harm. Defendant is entitled to judgment as a matter of law because Ms. Taylor cannot satisfy all three elements of her prima facie case under La. Rev. Stat. 9:2800.6.

SIGNED on this 22nd day of May, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge